## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERT NETTLES,** | ) | |
| **KEVIN ALLARD,** | ) | |
| **CHERYL BAUER,** | ) | |
| **MICHAEL BAUER,** | ) | |
| **BEVERLY BECK,** | ) | |
| **NEAL BECK,** | ) | |
| **GEORGE A. BETROS,** | ) | |
| **LINDA BETROS,** | ) | |
| **CHARLES A. BISOGNO,** | ) | |
| **GLENNA BISOGNO,** | ) | |
| **ART BUNKER,** | ) | |
| **JERRY D. CARPENTER,** | ) | |
| **DEBORAH CARPENTER,** | ) | |
| **RICHARD L. CLEMENTS,** | ) | |
| **PEGGY CLEMENTS,** | ) | No. 4:03-CV-00082-GAF |
| **JEFF COLLINS,** | ) | |
| **BRYAN DANIELS,** | ) | |
| **WENDY DANIELS,** | ) | |
| **THOMAS DANIELS,** | ) | |
| **JAMES J. DYER,** | ) | |
| **ANDREA DYER,** | ) | |
| **GREG EDWARDS,** | ) | |
| **DOUGLAS EVANS,** | ) | |
| **SARALU EVANS,** | ) | |
| **JOHN MICHAEL JOHNSTON,** | ) | |
| **VICKI JOHNSTON,** | ) | |
| **BERNARD LEMKEN,** | ) | |
| **YVONEE LEMKEN,** | ) | |
| **JASON McCOY,** | ) | |
| **CATHERINE McCOY,** | ) | |
| **GARY MILLER,** | ) | |
| **JEAN MOORE,** | ) | |
| **DONNIE MOORE,** | ) | |
| **DAVID MORICONI,** | ) | |
| **KIMBERLY MORICONI,** | ) | |
| **LORALEI NETTLES,** | ) | |

BRIAN O'NEIL,                          )
MELISSA O'NEIL,                        )
JAMES D. PROCTOR,                      )
HENRY ROSEBROUGH,                      )
LINDA ROSEBROUGH,                      )
JAMES J. SCHAEFER,                     )
SUE SCHAEFER,                          )
MICHAEL A. SMEDLEY,                    )
KIM SMEDLEY,                           )
GREGORY SMITH,                         )
SANDEE SMITH,                          )
DEBORAH STEINBACH,                     )
THOMAS R. STEINBACH,                   )
LLOYD STORY,                           )
JENNIFER STORY,                        )
PAULA SUMNER,                          )
JAMES SUMNER,                          )
JOHN L. THOMPSON,                      )
RICHARD C. TRIEB,                      )
KELLY D. TRIEB,                        )
LINDA WILLIS,                          )
HOWARD ZORN,                           )
MAGGIE ZORN,                           )
THE GLOE GRAPHICS 401(k)               )
PLAN,                                  )
THE GLOE GRAPHICS                      )
CAFETERIA PLAN, and                    )
THE GLOE GRAPHICS HEALTH               )
CARE PLAN,                             )
                                       )
                Plaintiffs,            )
                                       )
        vs.                            )
                                       )
UMB, N.A.,                             )
GLOE GRAPHICS, INC.,                   )
d/b/a Rosse Lithographing Co.,         )
BRIAN GLOE,                            )
THE GLOE GRAPHICS 401(k)               )
PLAN,                                  )

– 2 –

| | |
|---|---|
| **THE GLOE GRAPHICS** | ) |
| **CAFETERIA PLAN,** | ) |
| **THE GLOE GRAPHICS HEALTH** | ) |
| **CARE PLAN**, | ) |
| **HEALTHNET**, | ) |
| **UNITED HEALTHCARE**, and | ) |
| **CBIZ RETIREMENT SVC, INC.,** | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

### Count I:  Conversion of Net Paycheck Funds

Come now Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Beverly Beck, Neal Beck, Charles A. Bisogno, Art Bunker, Jerry D. Carpenter, Jeff Collins, Bryan Daniels, Thomas Daniels, James J. Dyer, Greg Edwards, Douglas Evans, John Michael Johnston, Bernard Lemken, Jason McCoy, Gary Miller, Jean Moore, Brian O'Neil, James D. Proctor, Henry Rosebrough, James J. Schaefer, Michael A. Smedley, Debbie Steinbach, Lloyd Story, Gregory Smith, Paula Sumner, John L. Thompson, Richard C. Trieb, Linda Willis, and Howard Zorn, and for their Count I claim against Defendant UMB, N.A., allege:

1.      Plaintiffs Robert Nettles, Beverly Beck, Neal Beck, George A. Betros, Art Bunker, Jerry D. Carpenter, Jeff Collins, Thomas Daniels, James J. Dyer, Mike Johnston, Bernard Lemken, Jean Moore, James D. Proctor, James J. Schaefer, Michael A. Smedley, Debbie Steinbach, Kevin Allard, Cheryl Bauer, Charles A. Bisogno, Bryan Daniels, Thomas Daniels, Greg Edwards, Douglas Evans, Jason

– 3 –

McCoy, Gary Miller, David Moriconi, Kimberly Moriconi, Brian O'Neil, Henry Rosebrough, Gregory Smith, Lloyd Story, Paula Sumner, John L. Thompson, Richard C. Trieb, Linda Willis, and Howard Zorn, are all former employees of Defendant Gloe Graphics, Inc., d/b/a Rosse Lithographing Co.

2.      Defendant UMB, N.A. ("UMB Kansas City") is a bank with its headquarters and principal place of business located in Kansas City, Jackson County, Missouri.

3.      At all times relevant to this litigation, UMB Kansas City employed various officers, directors, and others to conduct the over-all and day-to-day operations of UMB Kansas City ("UMB Kansas City personnel"). The negligent acts and/or omissions of UMB Kansas City personnel are therefore imputed to UMB Kansas City as a matter of law, and UMB Kansas City is vicariously liable for all such negligent acts and/or omissions. The intentional acts and/or omissions of UMB Kansas City personnel performed within the course and scope of their duties are imputed to UMB Kansas City as a matter of law, and UMB Kansas City is therefore vicariously liable for all such intentional acts and/or omissions.

4.      At all times relevant to this litigation, Defendant Gloe Graphics, Inc., formerly doing business as Rosse Lithographing Co. ("Gloe Graphics"), was a Missouri corporation engaged in the business of providing printing, lithography and other goods and services to customers in and out of Missouri.

– 4 –

5.    At all times relevant to this litigation, Defendant Brian Gloe ("Mr. Gloe") was an officer, director, shareholder, agent, servant and/or employee of Gloe Graphics, acting in the course and scope of his employment or other relationship with Gloe Graphics.  The negligent acts and/or omissions of Mr. Gloe are therefore imputed to Gloe Graphics as a matter of law, and Gloe Graphics is vicariously liable for all such negligent acts and/or omissions.  The intentional acts and/or omissions of Mr. Gloe performed in the course and scope of his employment with Gloe Graphics are imputed to Gloe Graphics as a matter of law, and Gloe Graphics is therefore vicariously liable for all such intentional acts and/or omissions.

6.    At all times relevant to this litigation, Gloe Graphics employed various officers, directors, and others to conduct the over-all and day-to-day operations of Gloe Graphics ("Gloe Graphics personnel").  The negligent acts and/or omissions of Gloe Graphics personnel are therefore imputed to Gloe Graphics as a matter of law, and Gloe Graphics is vicariously liable for all such negligent acts and/or omissions. The intentional acts and/or omissions of Gloe Graphics personnel performed within the course and scope of their duties are imputed to Gloe Graphics as a matter of law, and Gloe Graphics is therefore vicariously liable for all such intentional acts and/or omissions.

7.    At all times relevant to this litigation, the Gloe Graphics 401(k) Plan

– 5 –

was an employee benefit plan of Gloe Graphics under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*.

8. At all times relevant to this litigation, the Gloe Graphics Cafeteria Plan was an employee benefit plan of Gloe Graphics under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*.

9. At all times relevant to this litigation, the Gloe Graphics Health Care Plan was an employee benefit plan of Gloe Graphics under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*.

10. At all times relevant to this litigation, Defendants Healthnet and/or United Healthcare were health insurance carriers and providers for Gloe Graphics, and for participating employees and employee dependents of Gloe Graphics.

11. At all times relevant to this litigation, Defendant CBIZ Retirement Svc, Inc. ("CBIZ") provided services to Gloe Graphics with reference to the Gloe Graphics 401(k) Plan, the Gloe Graphics Cafeteria Plan and the Gloe Graphics Health Care Plan.

12. This case was originally filed in the Circuit Court of Jackson County, Missouri, under the style of *Nettles v. UMB, N.A.*, No. 03CV-201598, and was removed by Defendant UMB, N.A. This First Amended Complaint is being filed as a matter of right under Rule 15(a), as this Court has original jurisdiction of Plaintiffs' claims under 28 U.S.C. §1331 (civil actions arising under the laws of the

– 6 –

United States) and has supplemental jurisdiction of Plaintiffs' state law claims under 28 U.S.C. §1367(a).

13.    The Plaintiffs identified in Paragraph 1 above were all employees of Gloe Graphics at the time of the events giving rise to this litigation.

14.    Gloe Graphics maintained three bank accounts with UMB Kansas City, in Jackson County, Missouri and a fourth account with a UMB bank in Illinois, which at all times relevant to this litigation was a branch, subsidiary or affiliated bank of UMB Kansas City ("UMB Illinois").

15.    The three UMB Kansas City accounts were:  (a) a line-of-credit account; (b) a general operating account, and (c) a "Flex account."

16.    The UMB Illinois account was specifically created or opened at the recommendation, request or instruction of UMB Kansas City, and was used to issue payroll checks for Gloe Graphics employees and was also used for the purpose of issuing checks to pay vendors and all other creditors of Gloe Graphics.

17.    At or near the time the UMB Illinois account was opened, UMB Kansas City and Gloe Graphics entered into an agreement pursuant to which UMB would provide a line of credit to fund the day-to-day operations of Gloe Graphics, based on a formula involving the value of the accounts receivable of Gloe Graphics, the value of the Gloe Graphics inventory, and the value of Gloe Graphic's tangible assets.

– 7 –

18.     As agreed upon by UMB Kansas City, UMB Illinois and Gloe Graphics, the method of funding the day-to-day operations of Gloe Graphics via the line of credit was:

a.      Gloe Graphics would issue payroll checks for its employees, and checks to its vendors and other creditors, drawn upon the UMB Illinois account without regard to whether there were sufficient funds in the UMB Illinois account at the time the checks were issued to cover the checks.

b.      Each business day, Gloe Graphics would be notified by UMB Illinois, either directly or through UMB Kansas City, of the total amount of checks which had been presented for payment for that business day, and for which payment was pending.

c.      Following receipt of notice of the amount of money needed to cover the checks already presented for payment, Gloe Graphics would request UMB Kansas City to deposit sufficient funds in the line of credit account to transfer to the UMB Illinois account to cover the already-presented checks.

d.      All payments from Gloe Graphics customers would be made to a UMB Kansas City "lock box" and would be cashed by UMB Kansas City and used to reduce the amount of debt from Gloe Graphics to

– 8 –

UMB Kansas City.

19.     From time to time Gloe Graphics would advise UMB of specific needs for funds from the line-of-credit account, which were then transferred from the line-of-credit account into one or more of the three other Gloe Graphics accounts as appropriate under the particular circumstances and the particular use for which the funds were needed.  Each transfer was with the knowledge by UMB of the purpose for which the funds were to be expended by Gloe Graphics.

20.     Gloe Graphics segregated funds within its general operating account, or in the alternative transferred funds to the UMB Illinois account for the specific purpose of paying net paychecks to its employees, *i.e.*, the amount remaining for the relevant payroll period(s) after deduction of all statutory and other items to be withheld.

21.     UMB knew that the funds to pay Gloe Graphics employee net paychecks were either segregated in the Gloe Graphics general operating account for that specific purpose, or were transferred to the UMB Illinois account for that specific purpose.

22.     On or about June 20, 2001, there were sufficient funds in the line-of-credit account, or the general operating account or the Illinois payroll account to cover employee net paychecks for the then-relevant payroll period(s), in the following amounts for the following Plaintiffs who were paid by physical paychecks,

– 9 –

or who were paid by direct deposit to the employees' individual bank accounts:

| | |
|---|---|
| Robert Nettles | $1,153.85 |
| Kevin Allard | Unknown |
| Cheryl Bauer | $740.00 |
| Beverly Beck | $446.60 |
| Neal Beck | $629.30 |
| Charles A. Bisogno | $1190.00 |
| Art Bunker | $459.24 |
| Jerry D. Carpenter | $1,224.00 |
| Jeff Collins | $5,000.00 |
| Bryan Daniels | $645.19 |
| Thomas Daniels | $480.00 |
| James J. Dyer | $1,200.00 |
| Greg Edwards | Unknown |
| Douglas Evans | $740.00 |
| Mike Johnston | $817.83 |
| Bernard Lemken | $1,011.16 |
| Jason McCoy | $388.07 |
| Gary Miller | $774.00 |
| Jean Moore | $641.35 |
| James D. Proctor | $985.60 |
| Henry Rosebrough | Unknown |
| James J. Schaefer | $1,292.15 |
| Michael A. Smedley | $3,672.00 |
| Debbie Steinbach | $1,153.85 |
| Lloyd Story | Unknown |
| Paula Sumner | $466.08 |
| Howard Zorn | $866.00 |

23.    Alternatively, paychecks drawn on the UMB Illinois account in the amounts listed above had been issued by Gloe Graphics to the respective employees on or before June 20, 2001, without regard to whether there were sufficient funds in the UMB Illinois account to cover the checks listed in Paragraph 22 above, and those checks were issued with the knowledge of both UMB Kansas

– 10 –

City and UMB Illinois that they were being issued regardless of whether there were sufficient funds in the UMB Illinois account at the time of issuance to cover the total amount of checks or other negotiable instruments being issued.

24.     As of June 20, 2001, the plaintiffs identified in Paragraphs 1 and 13 above had a right to have their discrete shares of the segregated net paycheck funds used for the specific purpose of paying their net paychecks to them, and/or the plaintiffs identified in Paragraph 1 and 13 above had a legal or equitable ownership interest in those funds.

25.     On or about June 20, 2001, UMB Kansas City withdrew all funds from the line-of-credit account and/or the general operating account and/or the UMB Illinois account, or otherwise prevented the use of the segregated net pay-check funds for the specific purpose of paying the employees' net paychecks for the employees identified in Paragraphs 1 and 13 above, thereby converting those funds and diverting those funds for use by UMB Kansas City for UMB Kansas City's own purposes, including but not limited to the reduction of any amounts previously loaned or advanced by UMB Kansas City to Gloe Graphics. In addition, with reference to those plaintiffs who had previously arranged to have their net paychecks deposited directly into their individual bank accounts by an electronic funds transfer, UMB Kansas City caused the direct deposits to be reversed after the electronic funds transfer had been completed, thereby converting those

funds and diverting those funds for use by UMB Kansas City for UMB Kansas City's own purpose, the reduction of a note owed by Gloe Graphics to UMB.

26.    As described above, UMB Kansas City wrongfully exercised dominion over Plaintiffs' net paycheck funds which were placed in the custody of UMB Kansas City for the specific purpose of paying each employee-Plaintiff his or her net paycheck.

27.    As a direct and proximate result of UMB Kansas City's intentional acts of conversion of the net paycheck funds, the plaintiffs identified in Paragraphs 1 and 13 above have not been paid their net paychecks for the relevant payroll period(s), and were thereby damaged in the amounts specified in Paragraph 22 above. The plaintiffs identified in Paragraph 1 and 13 above have also suffered other damages, both financial and of an expected consequential nature from the intentional acts of UMB Kansas City, the nature and extent of which are not presently known.

28.    The intentional acts of UMB Kansas City described above were outrageous because they were done with an evil motive, or with a reckless indifference to the rights of Count I Plaintiffs.

**WHEREFORE**, Plaintiffs Robert Nettles, Beverly Beck, Neal Beck, George A. Betros, Art Bunker, Jerry D. Carpenter, Jeff Collins, Thomas Daniels, James J. Dyer, Mike Johnston, Bernard Lemken, Jean Moore, James D. Proctor, James J. Schaefer, Michael A. Smedley, Debbie Steinbach, Kevin Allard, Cheryl

– 12 –

Bauer, Charles A. Bisogno, Bryan Daniels, Thomas Daniels, Greg Edwards, Douglas Evans, Jason McCoy, Gary Miller, David Moriconi, Kimberly Moriconi, Brian O'Neil, Henry Rosebrough, Gregory Smith, Lloyd Story, Paula Sumner, John L. Thompson, Richard C. Trieb, Linda Willis, and Howard Zorn, each pray for individual judgments against Defendant UMB, N.A., in individual amounts which are each in excess of $25,000 and which are each fair and reasonable, and Plaintiffs Robert Nettles, Beverly Beck, Neal Beck, George A. Betros, Art Bunker, Jerry D. Carpenter, Jeff Collins, Thomas Daniels, James J. Dyer, Mike Johnston, Bernard Lemken, Jean Moore, James D. Proctor, James J. Schaefer, Michael A. Smedley, Debbie Steinbach, Kevin Allard, Cheryl Bauer, Charles A. Bisogno, Bryan Daniels, Thomas Daniels, Greg Edwards, Douglas Evans, Jason McCoy, Gary Miller, David Moriconi, Kimberly Moriconi, Brian O'Neil, Henry Rose-brough, Gregory Smith, Lloyd Story, Paula Sumner, John L. Thompson, Richard C. Trieb, Linda Willis, and Howard Zorn, each pray for individual awards of puni-tive damages in an amount sufficient to punish Defendant UMB, N.A., and to deter UMB, N.A., and others from like conduct, and Plaintiffs Robert Nettles, Beverly Beck, Neal Beck, George A. Betros, Art Bunker, Jerry D. Carpenter, Jeff Collins, Thomas Daniels, James J. Dyer, Mike Johnston, Bernard Lemken, Jean Moore, James D. Proctor, James J. Schaefer, Michael A. Smedley, Debbie Steinbach, Kevin Allard, Cheryl Bauer, Charles A. Bisogno, Bryan Daniels, Thomas Daniels,

– 13 –

Greg Edwards, Douglas Evans, Jason McCoy, Gary Miller, David Moriconi, Kimberly Moriconi, Brian O'Neil, Henry Rosebrough, Gregory Smith, Lloyd Story, Paula Sumner, John L. Thompson, Richard C. Trieb, Linda Willis, and Howard Zorn, further pray for the costs they incur in this litigation, and for such other or further relief as may be just and proper in the circumstances.

. **Count II: Conversion of Direct Deposits**

Come now Plaintiffs Robert Nettles, Jerry D. Carpenter, Thomas Daniels, James J. Dyer, James D. Proctor, Michael Smedley, Debbie Steinbach, and Howard Zorn (collectively, "Direct Deposit Plaintiffs"), and for their Count II claim against Defendant UMB, N.A., allege:

1.    Direct Deposit Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 21 of Count I.

2.    On or about June 19, 2001, Gloe Graphics issued various payment orders ("Payment Orders") to UMB Kansas City instructing UMB to pay fixed, determinable amounts of money to the respective bank accounts of Direct Deposit Plaintiffs.

3.    The Payment Orders were authorized by Gloe Graphics pursuant to §400.4A-202, R.S.Mo. 2000.

4.    The execution date of the Payment Orders was June 19, 2001.

5.    On or about June 19, 2001, UMB Kansas City executed the Payment

– 14 –

Orders pursuant to §400.4A-301, R.S.Mo. 2000, and thereby accepted the Payment Orders pursuant to §400.4A-209, R.S.Mo. 2000.

6. Pursuant to §400.4A-210(d), R.S.Mo. 2000, UMB Kansas City was precluded from later rejecting the Payment Orders by accepting the Payment Orders.

7. Pursuant to §400.4A-302, R.S.Mo. 2000, UMB Kansas City was obligated to issue payment orders, in turn, to the respective banks of the Direct Deposit Plaintiffs (collectively, "Beneficiaries' Banks") in compliance with the Payment Orders.

8. Pursuant to §400.4A-402, R.S.Mo. 2000, Gloe Graphics was obligated to pay UMB Kansas City the amount of the Payment Orders.

9. On or about June 19, 2001, Gloe Graphics paid UMB Kansas City the amount of the Payment Orders, by virtue of UMB Kansas City debiting the account of Gloe Graphics account.

10. On or about June 19, 2001, the Beneficiaries' Banks accepted UMB Kansas City's payment orders, and made the funds with respect to those payment orders available to each of the respective Direct Deposit Plaintiffs.

11. The acceptance of the payment orders by the Beneficiaries' Banks completed the funds transfer to the Direct Deposit Plaintiffs pursuant to §400.4A-104(a), R.S.Mo. 2000.

– 15 –

12.     Subsequent to the completion of the various funds transfers, UMB Kansas City retrieved the funds from the various deposit accounts of the Direct Deposit Plaintiffs without the prior authorization of any of the Direct Deposit Plaintiffs.

13.     The acts of retrieving funds from the various deposit accounts of the Direct Deposit Plaintiffs without the authorization of such Direct Deposit Plaintiffs were willful and wanton, and such acts were outrageous because they were done with an evil motive, or with a reckless indifference to the rights of the Direct Deposit Plaintiffs.

**WHEREFORE**, Direct Deposit Plaintiffs Robert Nettles, Jerry D. Carpenter, Thomas Daniels, James J. Dyer, James D. Proctor, Michael Smedley, Debbie Steinbach, Thomas Daniels and Howard Zorn each pray for individual judgments against Defendant UMB, N.A., in individual amounts which are each in excess of $25,000 and which are each fair and reasonable, and Direct Deposit Plaintiffs Robert Nettles, Jerry D. Carpenter, Thomas Daniels, James J. Dyer, James D. Proctor, Michael Smedley, Debbie Steinbach, Thomas Daniels and Howard Zorn each pray for individual awards of punitive damages in an amount sufficient to punish Defendant UMB, N.A., and to deter UMB, N.A., and others from like conduct. and Direct Deposit Plaintiffs Robert Nettles, Jerry D. Carpenter, Thomas Daniels, James J. Dyer, James D. Proctor, Michael Smedley, Debbie Steinbach, Thomas

Daniels and Howard Zorn further pray for the costs they incur in this litigation, and for such other or further relief as may be just and proper in the circumstances.

## Count III:  ERISA (29 U.S.C. §1131(a)(1)(B))

Come now Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, by and through their counsel, and for their Count III claim against Defendants UMB, N.A., Brian Gloe, Gloe Graphics, Inc., CBIZ Retirement Svc, Inc., the Gloe Graphics 401(k) Plan, the Gloe Graphics Cafeteria Plan; the Gloe Graphics Health Care Plan, HealthNet and United Healthcare, allege:

– 17 –

1.       Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 23 of Count I.

2.       At all times relevant to this litigation, Plaintiffs Kevin Allard, Cheryl Bauer, Charles A. Bisogno, Bryan Daniels, Thomas Daniels, Greg Edwards, Douglas Evans, Jason McCoy, Gary Miller, David Moriconi, Kimberly Moriconi, Brian O'Neil, Henry Rosebrough, Gregory Smith, Lloyd Story, Paula Sumner, John L. Thompson, Richard C. Trieb, Linda Willis, and Howard Zorn were employees of Gloe Graphics ("Plaintiff Gloe Employees").

3.       At all times relevant to this litigation, Plaintiffs Michael Bauer, Linda Betros, Glenna Bisogno, Deborah Carpenter, Peggy Clements, Wendy Daniels, Andrea Dyer, Saralu Evans, Vicki Johnston, Yvonee Lemken,  Catherine McCoy, Donnie Moore, Kimberly Moriconi, Loralei Nettles, Melissa O'Neil, Linda Rosebrough, Sue Schaefer, Kim Smedley, Sandee Smith, Thomas R. Steinbach, Jennifer Story, James Sumner, Kelly D. Trieb, and Maggie Zorn were dependents of employees of Gloe Graphics ("Plaintiff Gloe Employee Dependents").

4.       Some or all of Plaintiff Gloe Employees and Plaintiff Gloe Employee Dependents were participants in or beneficiaries of the Gloe Graphics 401(k) Plan, and/or the Gloe Graphics Cafeteria Plan and/or the Gloe Graphics Health Care Plan.  Hereinafter, the Gloe Graphics 401(k) Plan, the Gloe Graphics Cafeteria Plan and the Gloe Graphics Health Care Plan will be collectively referred

– 18 –

to as "the three ERISA Plans."

5.    At all times relevant to this litigation, Gloe Graphics was a sponsor, administrator, trustee, and/or other fiduciary of each of the three ERISA Plans.

6.    At all times relevant to this litigation, CBIZ was an administrator, trustee or other fiduciary of the Gloe Graphics 401(k) Plan.

7.    At all times relevant to this litigation, HealthNet and/or United Healthcare were administrators, trustees or other fiduciaries of the Gloe Graphics Health Care Plan.

8.    At all times relevant to this litigation, Mr. Gloe was an administrator, trustee, or other fiduciary of each of the three ERISA Plans.

9.    At all times relevant to this litigation, UMB Kansas City was a fiduciary of each of the three ERISA Plans.

10.    At all times relevant to this litigation, some or all of Plaintiff Gloe Employees and Plaintiff Gloe Employee Dependents were entitled to and denied benefits under one or more of the three ERISA Plans.

11.    At all times relevant to this litigation, the sponsor, administrator, trustee and other fiduciary of each of the three ERISA Plans owed a fiduciary duty to some or all of Plaintiff Gloe Employees and Plaintiff Gloe Employee Dependents under one or more of the three ERISA Plans.

12.    Pursuant to 29 U.S.C. §1131(a)(1)(B), the Plaintiff Gloe Employees

and the Plaintiff Gloe Employee Defendants have a right to sue to enforce their rights under each of the three ERISA Plans.

**WHEREFORE**, Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, each pray for an individual judgment against Defendants UMB, N.A., Brian Gloe, Gloe Graphics, Inc., CBIZ Retirement Svc, Inc., the Gloe Graphics 401(k) Plan, the Gloe Graphics Cafeteria Plan; the Gloe Graphics Health Care Plan, HealthNet and United Healthcare, jointly and severally, requiring that they be provided with the ERISA Plan benefits they were denied, and these Plaintiffs further pray for an individual

judgment in favor of each of them for the costs they each incur in this litigation, and for such other or further relief as may be just and proper in the circumstances, including but not limited to all statutory damages to which these Plaintiffs are or may be entitled.

## Count IV:  ERISA (29 U.S.C. §1131(a)(2))

Come now Plaintiffs Gloe Graphics 401(k) Plan, Gloe Graphics Cafeteria Plan, and Gloe Graphics Health Care Plan, by and through Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, and their counsel, and for their Count IV claim against Defendants

– 21 –

UMB, N.A., Brian Gloe, Gloe Graphics, Inc., CBIZ Retirement Svc, Inc., Health-Net and United Healthcare, allege:

1.     Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 23 of Count I, and Paragraphs 2 through 9 of Count III.

2.     Plaintiff Gloe Employees and Plaintiff Gloe Employee Defendants are suing in their respective capacities as participants and/or beneficiaries of one or more of the three ERISA Plans, on behalf of the three ERISA Plans.

3.     Pursuant to 29 U.S.C. §1131(a)(2), and other ERISA statutes, UMB Kansas City, Mr. Gloe, Gloe Graphics, CBIZ, HealthNet and United Healthcare owed a statutory duty of good faith to the three ERISA Plans, and each of the above-named Defendants had fiduciary obligations to these Plaintiffs, and each of the above-named Defendants had a duty of loyalty to the three ERISA Plans.

4.     As a result of the scheme to fund the day-to-day operations and/or the long-term operations of Gloe Graphics through the mechanism of Gloe Graph-ics issuing checks drawn on the UMB Illinois account, with full knowledge that there were either no funds at all in the account at the time the checks were issued, or with full knowledge that there were insufficient funds in the UMB Illinois ac-count to cover the total amount of checks or other negotiable instruments being is-sued, and as a result of the seizure of the assets of Gloe Graphics by UMB Kansas City, as well as the assets of some or all of the three ERISA Plans, UMB breached

its fiduciary and other statutory duties to the three ERISA Plans.

5.     Gloe Graphics, Mr. Gloe, CBIZ, HealthNet, and United Healthcare, breached their respective fiduciary and other statutory obligations to the three ERISA Plans by allowing, permitting or failing to prevent the seizure of some of the assets of the three ERISA Plans by UMB Kansas City, or by failing to take action to obtain return of the assets of the three ERISA Plans which had been seized by UMB Kansas City.

6.     As a direct and proximate result of the above-described conduct of UMB Kansas City, Gloe Graphics, Mr. Gloe, CBIZ, HealthNet, and United Healthcare, some or all of the three ERISA Plans were damaged and Plaintiff Gloe Employees and Plaintiff Gloe Employee Dependents did not receive the benefits they were entitled to receive under the ERISA Plans applicable to each of them, and the three ERISA Plans and Plaintiff Gloe Employees and Plaintiff Gloe Employee Dependents suffered other damages as well, the nature and extent of which are not presently known.

**WHEREFORE**, Plaintiffs Gloe Graphics 401(k) Plan, Gloe Graphics Cafeteria Plan and Gloe Graphics Health Care Plan pray for judgment against Defendants UMB, N.A., Brian Gloe, Gloe Graphics, Inc., CBIZ Retirement Svc, Inc., HealthNet and United Healthcare, jointly and severally, requiring them to return the assets seized from some or all of the three ERISA Plans, and further requiring

– 23 –

them to ensure that the three ERISA Plans are able to provide the benefits to which each of the individual Plaintiffs were respectively entitled to receive from one or more of the three ERISA Plans. These Plaintiffs further pray judgment in an amount in excess of $25,000 that is fair and reasonable and sufficient to cover the losses incurred by the three ERISA Plans; for the costs the three ERISA Plans incur in this litigation and for such other or further relief as may be just and proper in the circumstances, including but not limited to all statutory damages to which the three ERISA Plans are or may be entitled.

### Count V: ERISA (29 U.S.C. §1131(a)(3))

Come now Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jen-

nifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, by and through their counsel, and for their Count V claim against Defendants UMB, N.A., Brian Gloe, Gloe Graphics, Inc., CBIZ Retirement Svc, Inc., HealthNet and United Healthcare, allege:

1.      Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 23 of Count I, and Paragraphs 2 through 9 of Count III.

2.      Plaintiff Gloe Employees and Plaintiff Gloe Employee Defendants are suing in their respective capacities as participants and/or beneficiaries of one or more of the three ERISA Plans.

3.      Pursuant to 29 U.S.C. §1131(a)(2), and other ERISA statutes, UMB Kansas City, Mr. Gloe, Gloe Graphics, CBIZ, HealthNet and United Healthcare owed a statutory duty of good faith to the three ERISA Plans, and each of the above-named Defendants had fiduciary obligations to these Plaintiffs, and each of the above-named Defendants had a duty of loyalty to the three ERISA Plans.

4.      As a result of the scheme to fund the day-to-day operations and/or the long-term operations of Gloe Graphics through the mechanism of Gloe Graphics issuing checks drawn on the UMB Illinois account, with full knowledge that there were either no funds at all in the account at the time the checks were issued, or with full knowledge that there were insufficient funds in the UMB Illinois ac-

count to cover the total amount of checks or other negotiable instruments being is-sued, and as a result of the seizure of the assets of Gloe Graphics by UMB Kansas City, as well as the assets of some or all of the three ERISA Plans, UMB breached its fiduciary and other statutory duties to the three ERISA Plans.

5. Gloe Graphics, Mr. Gloe, CBIZ, HealthNet, and United Healthcare, breached their respective fiduciary and other statutory obligations to the three ERISA Plans by allowing, permitting or failing to prevent the seizure of some of the assets of the three ERISA Plans by UMB Kansas City, or by failing to take ac-tion to obtain return of the assets of the three ERISA Plans which had been seized by UMB Kansas City.

6. As a direct and proximate result of the above-described conduct of UMB Kansas City, Gloe Graphics, Mr. Gloe, CBIZ, HealthNet, and United Healthcare, some or all of the three ERISA Plans were damaged and Plaintiff Gloe Employees and Plaintiff Gloe Employee Dependents did not receive the benefits they were entitled to receive under the ERISA Plans applicable to each of them, Plaintiff Gloe Employees and Plaintiff Gloe Employee Dependents suffered other damages as well, the nature and extent of which are not presently known.

7. In addition to the above actions, UMB Kansas City, Gloe Graphics, Mr. Gloe, CBIZ, HealthNet, and United Healthcare, violated 29 U.S.C. §1140 by interfering with rights of Plaintiff Gloe Employees and Plaintiff Gloe Employee

Dependents protected under ERISA.

**WHEREFORE**, Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, each pray for judgment against Defendants UMB, N.A., Brian Gloe, Gloe Graphics, Inc., CBIZ Retirement Svc, Inc., HealthNet and United Healthcare, jointly and severally, requiring them to return the assets seized from some or all of the three ERISA Plans, and further requiring them to ensure that the three ERISA Plans are able to provide the benefits to which each of the individual Plaintiffs were respectively entitled to receive from one or more of the three ERISA Plans. These Plaintiffs further pray for

an individual judgment in favor of each of them against these Defendants, jointly and severally, in an amount in excess of $25,000 that is fair and reasonable; for the costs these individual Plaintiffs incur in this litigation and for such other or further relief as may be just and proper in the circumstances, including but not limited to all statutory damages to which these individual Plaintiffs are or may be entitled.

### Count VI:  Electronic Funds Transfer Act Violations
### (15 U.S.C. §1693 *et seq.*)

Come now Plaintiffs Robert Nettles, Jerry D. Carpenter, Thomas Daniels, James J. Dyer, James D. Proctor, Michael Smedley, Deborah Steinbach and Howard Zorn, by and through their counsel and for their Count VI claim against Defendant UMB, N.A., allege:

1.      Plaintiffs Robert Nettles, Jerry D. Carpenter, Thomas Daniels, James J. Dyer, James D. Proctor, Michael Smedley, Deborah Steinbach and Howard Zorn ("Direct Deposit Plaintiffs") incorporate by reference the allegations of Paragraphs 1 through 23 of Count I.

2.      On or about June 19, 2001, Gloe Graphics issued various payment orders ("Payment Orders") to UMB instructing UMB to pay fixed, determinable amounts of money to the respective bank accounts of Direct Deposit Plaintiffs.

3.      The Payment Orders were authorized by Gloe Graphics pursuant to direct deposit agreements between Direct Deposit Plaintiffs and UMB Kansas City, which agreements are authorized by and covered by the Electronic Funds Transfer

– 28 –

Act, 15 U.S.C. §1693 *et seq.* ("EFTA").

4.     The execution date of the Payment Orders was June 19, 2001.

5.     On or about June 19, 2001, UMB executed the Payment Orders and thereby accepted the Payment Orders, and made the direct deposits into the respective bank accounts of the Direct Deposit Plaintiffs.

6.     Under the EFTA, UMB Kansas City owed a duty to the Direct Deposit Plaintiffs not make unauthorized transfers to or from their respective individual bank accounts, regardless of whether those accounts were with UMB Kansas City or another bank or financial institution.

7.     UMB Kansas City thereafter made an unauthorized electronic funds transfer from each of the Direct Deposit Plaintiffs' individual bank accounts by withdrawing the funds previously directly deposited into their respective bank accounts, or otherwise "reversing" the direct deposits after the direct deposits had been received by the Direct Deposit Plaintiffs' respective banks or other financial institutions.

8.     The reversal of the direct deposits was unauthorized under the EFTA because it was made without the prior knowledge, consent and/or instruction of any of the Direct Deposit Plaintiffs, and thereby constituted a breach of the duty owed to the Direct Deposit Plaintiffs.

9.     As a direct and proximate result of the reversal of the direct deposits

by UMB Kansas City, the Direct Deposit Plaintiffs:

    a.       Were deprived of the funds previously deposited in their accounts;

    b.       Incurred bank charges for checks issued in reliance on the direct deposit which then bounced;

    c.       Incurred damage to their credit, and

    d.       Incurred other consequential damages the nature and extent of which are not presently known.

    10.    The acts of retrieving funds from the various deposit accounts of the Direct Deposit Plaintiffs without the authorization of such Direct Deposit Plaintiffs were willful and wanton, and such acts were outrageous because they were done with an evil motive, or with a reckless indifference to the rights of the Direct Deposit Plaintiffs.

**WHEREFORE**, Direct Deposit Plaintiffs Robert Nettles, Jerry D. Carpenter, Thomas Daniels, James J. Dyer, James D. Proctor, Michael Smedley, Deborah Steinbach, and Howard Zorn, each pray for individual judgments against Defendant UMB, N.A., in individual amounts which are each in excess of $25,000 and which are each fair and reasonable, and Direct Deposit Plaintiffs Robert Nettles, Jerry D. Carpenter, Thomas Daniels, James J. Dyer, James D. Proctor, Michael Smedley, Deborah Steinbach, and Howard Zorn, each pray for individual awards of punitive damages in an amount sufficient to punish Defendant UMB, N.A., and

to deter UMB, N.A., and others from like conduct, and Direct Deposit Plaintiffs Robert Nettles, Jerry D. Carpenter, Thomas Daniels, James J. Dyer, James D. Proctor, Michael Smedley, Deborah Steinbach, and Howard Zorn, further pray for the costs they incur in this litigation, and for such other or further relief as may be just and proper in the circumstances, including but not limited to any statutory damages to which they are entitled pursuant to 15 U.S.C. §1693 *et seq.*

## Count VII: Civil Conspiracy (Tort)

Come now Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, by and through their

– 31 –

counsel, and for their Count VII claim against Defendants UMB, N.A., Brian Gloe and Gloe Graphics, Inc., allege:

1.      Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 23 of Count I.

2.      The participants in the civil conspiracy include, but are not limited to:  (a) UMB Kansas City; (b) agents, servants and employees of UMB Kansas City whose names are presently unknown to Plaintiffs; (c) Mr. Gloe; (d) Gloe Graphics; (e) agents, servants and employees of Gloe Graphics whose names are presently unknown to Plaintiffs, and (f) UMB Illinois.

3.      The purpose of the conspiracy was:  (a) to provide day-to-day and/or long-term funding of the operations of Gloe Graphics; (b) to provide an interest in Gloe Graphics to UMB Kansas City; (c) to obtain favorable interest rates for Gloe Graphics on the day-to-day and/or long-term funding provided by UMB Kansas City; (d) to generate income for UMB Kansas City through the one or more agreements between UMB Kansas City, Gloe Graphics, and UMB Illinois to fund the day-to-day and/or long-term operations of Gloe Graphics; (e) to minimize the credit risk to UMB Kansas City; (f) to maximize Gloe Graphics asset protection for the benefit of UMB Kansas City; (g) to conceal the day-to-day risks incurred by all creditors of Gloe Graphics, including but not limited to vendors and employees, that the scheme could be interrupted or terminated at any time, thereby leaving un-

funded all checks or other instruments drawn on the UMB Illinois account prior to cessation of the scheme; (h) to prevent in-person presentment at UMB Kansas City of any Gloe Graphics payroll checks or checks issued by Gloe Graphics to vendors or other persons, and (i) to conceal the fact that UMB Kansas City was in fact the issuing bank for the checks or other negotiable instruments drawn on the UMB Illinois account due to the retroactive funding of the UMB Illinois account when the checks issued without funds to back them up or with insufficient funds to back them up were actually presented for payment.

4.      There was a meeting of the minds of the civil conspiracy participants as to both the purposes of the conspiracy and the method(s) by which it was to be accomplished.

5.      The acts undertaken by the civil conspiracy participants include but are not limited to:

a.      Gloe Graphics engaging in a multi-year pattern and practice of intentionally issuing checks or other negotiable instruments drawn on the UMB Illinois account with the knowledge that at the time the checks or other negotiable instruments were issued there were either no funds in the UMB Illinois account or insufficient funds to cover all the checks or other negotiable instruments issued;

b.      UMB Kansas City and UMB Illinois engaging in a multi-year pat-

tern and practice of allowing checks or other negotiable instruments to be issued on the UMB Illinois account by Gloe Graphics with full knowledge that when the checks or other negotiable instruments were issued there were either no funds in the UMB Illinois account or insufficient funds to cover all the checks or other negotiable instruments issued;

c.      Committing wire fraud over a multi-year period by using electronic fund transfers to put money into the UMB Illinois account to cover only the checks or other negotiable instruments presented each day;

d.      Committing wire fraud over a multi-year period by using the telephone, whether for faxes or conversations, to implement the funding scheme of issuing checks on an account with the knowledge that no funds were available to cover the total amount of checks or negotiable instruments issued at the time such checks or negotiable instruments were issued;

e.      Committing mail fraud over a multi-year period by using the United States Postal Service to facilitate the scheme, and to send documents relating to the scheme between the civil conspiracy participants;

f.      Causing or allowing payroll and other checks, including but not limited to checks for 401(k) contributions; cafeteria plan contributions;

– 34 –

and health insurance premiums to be issued by Gloe Graphics prior to June 20, 2001, knowing that there were insufficient funds to cover those checks or other negotiable instruments at the time such checks were issued on the UMB Illinois account, and knowing that if UMB Kansas City did not retroactively fund those checks, as it had agreed to do and as it had done for years, those checks would "bounce."

6.    Beginning on June 20, 2001, and thereafter, following seizure by UMB Kansas City of the assets of Gloe Graphics, and the refusal of UMB Kansas City to fund the checks and other negotiable instruments issued on the UMB Illinois account prior to that date, and issued with the knowledge and consent of UMB, all such checks were returned unpaid.

7.    As a direct and proximate result of the civil conspiracy, some or all of Plaintiff Gloe Employees:

a.    Failed to receive wages for services rendered prior to June 20, 2001;

b.    Failed to receive wages for services rendered after June 20, 2001, and prior to the cessation of operations of Gloe Graphics;

c.    Failed to receive commissions earned prior to June 20, 2001;

d.    Failed to receive commissions earned after June 20, 2001, and prior to the cessation of operations of Gloe Graphics;

e.    Failed to have their 401(k) contributions made;

– 35 –

f.   Failed to have their cafeteria plan contributions made;

g.   Failed to have their health insurance premiums paid;

h.   Incurred health care costs which would have been paid by their health insurance but for the conduct of the participants in the civil conspiracy;

i.   Failed to receive the benefits of the various applicable ERISA plans which they were entitled to receive, and

j.   Incurred other injuries and damages, the nature and extent of which are not presently known.

8.   As a direct and proximate result of the civil conspiracy, some or all of Plaintiff Gloe Employee Dependents failed to receive the benefits of the various applicable ERISA plans which they were entitled to receive, including but not limited to incurring health care costs which would have otherwise been paid by the Gloe Graphics health insurance carrier but for the conduct of the participants of the civil conspiracy.

9.   The above-described acts of UMB Kansas City, Mr. Gloe and Gloe Graphics were willful and wanton, and such acts were outrageous because they were done with an evil motive, or with a reckless indifference to the rights of Plaintiffs.

**WHEREFORE**, Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Mi-

– 36 –

chael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, each pray for an individual judgment against Defendants UMB, N.A., Brian Gloe and Gloe Graphics, Inc., jointly and severally, in an amount in excess of $25,000 that is fair and reasonable, and each of the above-named Plaintiffs further pray for individual awards of punitive damages against each of Defendants UMB, N.A., Brian Gloe and Gloe Graphics, Inc., in an amount sufficient to punish these three Defendants and to deter these three Defendants and others from like conduct, and each of the above-named Plaintiffs pray for the costs they each incur in this litigation, and for such other or further relief as may be just and proper in the circumstances.

– 37 –

## Count VIII:  Civil RICO (18 U.S.C. §1962(b))

Come now Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, by and through their counsel, and for their Count VIII cause of action against Defendants UMB, N.A.; Brian Gloe, and Gloe Graphics, Inc., allege:

1.      Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 23 of Count I, and Paragraphs 2 through 9 of Count III.

2.      UMB Kansas City, Mr. Gloe, and Gloe Graphics are persons within the meaning of 18 U.S.C. §1962(b).

– 38 –

3. The conduct of UMB Kansas City, Mr. Gloe, and Gloe Graphics was done with the necessary *mens rea* under §1962(b) in that each act on the part of UMB Kansas City, Mr. Gloe and Gloe Graphics was done with full knowledge that the plan to fund day-to-day operations of Gloe Graphics through issuing checks on the UMB Illinois account without any funds in the account or without sufficient funds to cover the checks or other negotiable instruments in the account at the time the checks were drawn, and then retroactively "fund" the checks or other instruments at the time they were presented to the UMB Illinois account for payment, was a violation of state and/or Federal law, and was done with the intent to profit from the scheme.

4. The pattern of racketeering activity engaged in by UMB Kansas City, Mr. Gloe and Gloe Graphics consisted of violations of 18 U.S.C. §1341 and 18 U.S.C. §1343 multiple times per week over a period of several years through the intentional issuance of Gloe Graphics checks on the UMB Illinois account at a time when there were no funds in the account, or there were insufficient funds to cover the total amount of checks being issued, and then using electronic fund transfers and/or the United States mail to retroactively fund the UMB Illinois account at the time the checks or other negotiable instruments were presented for payment. The racketeering activity also included, but was not limited to, use of telephones or faxes transmitted over telephone lines to facilitate the scheme, and use of corre-

– 39 –

spondence and other communications via United States mail to facilitate the scheme, and use of data communicated electronically via computer over land lines, satellite or direct cable modem service to implement and facilitate the scheme, *e.g.*, transmission of daily reports from UMB Illinois via UMB Kansas City to Gloe Graphics to inform UMB Kansas City and Gloe Graphics of the total dollar value of the items presented for collection up to midnight of the previous day to the UMB Illinois account so that the UMB Illinois account could be retroactively funded to permit those items to be paid.

5.       UMB Kansas City acquired or maintained an interest in Gloe Graphics through the contract(s) or other agreements that pledged the accounts receivable and other assets of Gloe Graphics in return for UMB Kansas City's funding of the day-to-day and/or long-term operations of Gloe Graphics through the above-described scheme.

6.       UMB Kansas City effectively acquired control of Gloe Graphics through the above-described scheme because at any time UMB Kansas City could unilaterally shut down Gloe Graphics by ceasing to fund the company's operations through the above-described scheme.

7.       Gloe Graphics was engaged in interstate commerce as it had customers for its goods and services in at least Kansas and Missouri.

8.       Gloe Graphics benefited from the pattern of racketeering activity be-

– 40 –

cause it had to pay no interest on the funds to cover the checks that were issued from the UMB Illinois account between the time the checks were issued and the time they were received for payment by UMB Illinois and retroactively funded by UMB Kansas City.

9. Gloe Graphics benefited from the pattern of racketeering activity because the scheme permitted a lower interest rate than Gloe Graphics would otherwise have paid, due to the increased credit protection available to UMB Kansas City through implementation of the scheme.

10. UMB Kansas City benefited by a having a lower credit risk through its control of the scheme and through earning interest on its funding of the day-to-day operations and/or long-term operations of Gloe Graphics by means of wire fraud and mail fraud.

11. As a direct and proximate result of the above-described pattern of racketeering activity, Plaintiff Gloe Employees suffered the injuries described in Paragraph 7 of Count VII.

12. As a direct and proximate result of the above-described pattern of racketeering activity, Plaintiff Gloe Employee Dependents suffered some or all of the injuries described in Paragraphs 7(g) through 7(j) of Count VII.

**WHEREFORE**, Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A.

Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, each pray for an individual judgment against Defendants UMB, N.A., Brian Gloe and Gloe Graphics, Inc., jointly and severally, in an amount in excess of $25,000 that is fair and reasonable, and each of them prays for the costs they each incur in this litigation, and for such other or further relief as may be just and proper in the circumstances, including but not limited to any statutory damages available to each of them pursuant to 18 U.S.C. §1962(b).

### Count IX:  Civil RICO (18 U.S.C. §1962(c))

Come now Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A.

Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, by and through their counsel, and for their Count IX cause of action against Defendants UMB, N.A., Brian Gloe, and Gloe Graphics, Inc., allege:

1.      Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 23 of Count I, and Paragraphs 2 through 9 of Count III.

2.      UMB Kansas City, Mr. Gloe and Gloe Graphics are persons within the meaning of 18 U.S.C. §1962(c).

3.      Mr. Gloe was an officer, director, shareholder, agent, servant, or employee of, or was otherwise associated with Gloe Graphics.

4.      UMB Kansas City was associated with Gloe Graphics and Mr. Gloe

– 43 –

as described below.

5.      Gloe Graphics was an enterprise engaged in or affecting interstate commerce since Gloe Graphics had customers for its goods and services in at least Missouri and Kansas.

6.      UMB Kansas City and Gloe Graphics were collectively engaged in an enterprise in or affecting interstate commerce due to the scheme to fund the day-to-day and/or long-term operations of Gloe Graphics through the mechanism of issuing checks or other negotiable instruments drawn on the UMB Illinois account at times when UMB Kansas City, Mr. Gloe and Gloe Graphics knew there were either no funds in the account, or there were insufficient funds in the account to cover the checks or other negotiable instruments being issued.

7.      UMB Kansas City, Mr. Gloe and Gloe Graphics engaged in a pattern of racketeering activity consisting of, but not limited to, violating 18 U.S.C. §1341 and 18 U.S.C. §1343 multiple times per week over a period of several years through the intentional issuance of Gloe Graphics checks on the UMB Illinois account at a time when there were no funds in the account, or insufficient funds to cover the amount of checks being issued, and then using electronic fund transfers and/or the United States mail to retroactively fund the UMB Illinois account at the time the checks or other negotiable instruments were presented for payment to UMB Illinois.  The racketeering activity also included, but was not limited to, use

– 44 –

of telephones or faxes transmitted over telephone lines to facilitate the scheme, and use of correspondence and other communications via United States mail to facilitate the scheme, and use of data communicated electronically via computer over land lines, satellite or direct cable modem service to implement and facilitate the scheme, *e.g.*, transmission of daily reports from UMB Illinois via UMB Kansas City to Gloe Graphics to inform UMB Kansas City and Gloe Graphics of the total dollar value of the items presented for collection to the UMB Illinois account up through midnight of the previous business day, so that the UMB Illinois account could be retroactively funded to permit those items to be paid. All these acts were done with the full knowledge and consent of UMB Kansas City, Mr. Gloe, Gloe Graphics and UMB Illinois.

8. The conduct of UMB Kansas City, Mr. Gloe and Gloe Graphics was done with the necessary *mens rea* under §1962(c) in that each act on the part of UMB Kansas City, Mr. Gloe, and Gloe Graphics, including but not limited to their failure to stop the ongoing pattern of racketeering activity despite an almost-daily opportunity to do so, was done with full knowledge that the plan to fund day-to-day or long-term operations of Gloe Graphics through issuing checks on the UMB Illinois account without any funds in the account or without sufficient funds to cover the checks or other negotiable instruments in the account at the time the checks were issued, and then retroactively "fund" the checks or other instruments

at the time they were presented to the UMB Illinois account for payment, was a violation of state and/or Federal law, and was done with the intent to profit from the scheme.

9.      As a direct and proximate result of the above-described pattern of racketeering activity, Plaintiff Gloe Employees suffered the injuries described in Paragraph 7 of Count VII.

10.     As a direct and proximate result of the above-described pattern of racketeering activity, Plaintiff Gloe Employee Dependents suffered some or all of the injuries described in Paragraphs 7(g) through 7(j) of Count VII.

**WHEREFORE**, Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jen-

nifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, each pray for an individual award in an amount in excess of $25,000 that is fair and reasonable, against Defendant Brian Gloe, and each of them prays for the costs they each incur in this litigation, and for such other or further relief as may be just and proper in the circumstances, including but not limited to any statutory damages available to each of them pursuant to 18 U.S.C. §1962(c).

## Count X:  Civil RICO (18 U.S.C. §1962(d))

Come now Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb,

Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, by and through their counsel, and for their Count X cause of action against Defendants UMB, N.A., Brian Gloe, and Gloe Graphics, Inc., allege:

1.      Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 23 of Count I, and Paragraphs 2 through 9 of Count III.

2.      UMB Kansas City, Mr. Gloe, Gloe Graphics and UMB Illinois are persons within the meaning of 18 U.S.C. §1962(d).

3.      UMB Kansas City, Mr. Gloe, Gloe Graphics and UMB Illinois conspired to violate §§1962(b) and (c) of Title 18 of the United States Code.

4.      The period of the conspiracy was from the signing of the contract or other agreement to fund day-to-day and/or long-term operations of Gloe Graphics through the scheme whereby UMB Kansas City acquired an interest in all accounts receivable and other assets of Gloe Graphics, and the operations of Gloe Graphics were funded by issuing checks or other instruments drawn on the UMB Illinois account on a daily or near-daily basis with the knowledge that there were either no funds in the account or there were insufficient funds in the account to cover the checks or other instruments being issued, and then to retroactively "fund" the account as the checks or other instruments were presented to UMB Illinois for payment.  Alternatively, the conspiracy began the date the UMB Illinois account was opened.  Although the above-referenced dates are presently unknown to Plaintiffs

– 48 –

the conspiracy lasted several years, up to at least June 20, 2001.

5.      The object of the conspiracy was:  (a) to provide day-to-day and/or long-term funding of the operations of Gloe Graphics; (b) to provide an interest in Gloe Graphics to UMB Kansas City; (c) to obtain favorable interest rates for Gloe Graphics on the day-to-day and/or long-term funding provided by UMB Kansas City; (d) to generate income for UMB Kansas City through the one or more agreements between UMB Kansas City, Gloe Graphics, and UMB Illinois to fund the day-to-day and/or long-term operations of Gloe Graphics; (e) to minimize the credit risk to UMB Kansas City; (f) to maximize Gloe Graphics asset protection for the benefit of UMB Kansas City; (g) to conceal the day-to-day risks incurred by all creditors of Gloe Graphics, including but not limited to vendors and employees, that the scheme could be interrupted or terminated at any time, thereby leaving unfunded all checks or other instruments drawn on the UMB Illinois account prior to cessation of the scheme; (h) to prevent in-person presentment at UMB Kansas City of any Gloe Graphics payroll checks or checks issued by Gloe Graphics to vendors or other persons, and (i) to conceal the fact that UMB Kansas City was in fact the issuing bank for the checks or other negotiable instruments drawn on the UMB Illinois account due to the retroactive funding of the UMB Illinois account when the checks issued without funds to back them up or with insufficient funds to back them up were actually presented for payment.

– 49 –

6. The acts undertaken in furtherance of the conspiracy include, but are not limited to:

a. Entering into a verbal or written agreement to fund the day-to-day and/or long-term operations of Gloe Graphics as described above;

b. The opening of the UMB Illinois account;

c. The issuance of each and every individual payroll paper check, payroll direct deposit, vendor checks, or other checks or other negotiable instrument from the UMB Illinois account during the period of the conspiracy;

d. Each and every electronic funds transfer to retroactively "fund" the checks or other instruments issued by Gloe Graphics at a time when the UMB Illinois account had no funds in it or insufficient funds to cover the checks or other instruments then being issued, during the period of the conspiracy;

e. Each and every telephone conversation between the participants, including agents, servants and employees of the corporate participants who are not presently defendants in this litigation, concerning initial implementation and then daily operation of the above-described conspiracy, during the period of the conspiracy;

f. Each and every communication by electronic mail or other means via

– 50 –

computers to transmit data between the participants concerning implementation and daily operation of the above-described conspiracy, during the period of the conspiracy, and

g.     Each and every fax communication between the participants concerning implementation and daily operation of the above-described conspiracy, during the period of the conspiracy.

7.     As a direct and proximate result of the above-described pattern of racketeering activity, Plaintiff Gloe Employees suffered the injuries described in Paragraph 7 of Count VII.

8.     As a direct and proximate result of the above-described pattern of racketeering activity, Plaintiff Gloe Employee Dependents suffered some or all of the injuries described in Paragraphs 7(g) through 7(j) of Count VII.

**WHEREFORE**, Plaintiffs Robert Nettles, Kevin Allard, Cheryl Bauer, Michael Bauer, Beverly Beck, Neal Beck, George A. Betros, Linda Betros, Charles A. Bisogno, Glenna Bisogno, Art Bunker, Jerry D. Carpenter, Deborah Carpenter, Richard L. Clements, Peggy Clements, Jeff Collins, Bryan Daniels, Wendy Daniels, Thomas Daniels, James J. Dyer, Andrea Dyer, Greg Edwards, Douglas Evans, Saralu Evans, John Michael Johnston, Vicki Johnston, Bernard Lemken, Yvonee Lemken, Jason McCoy, Catherine McCoy, Gary Miller, Jean Moore, Donnie Moore, David Moriconi, Kimberly Moriconi, Loralei Nettles, Brian

– 51 –

O'Neil, Melissa O'Neil, James D. Proctor, Henry Rosebrough, Linda Rosebrough, James J. Schaefer, Sue Schaefer, Michael A. Smedley, Kim Smedley, Gregory Smith, Sandee Smith, Deborah Steinbach, Thomas R. Steinbach, Lloyd Story, Jennifer Story, Paula Sumner, James Sumner, John L. Thompson, Richard C. Trieb, Kelly D. Trieb, Linda Willis, Howard Zorn, and Maggie Zorn, each pray for an individual award in an amount in excess of $25,000 that is fair and reasonable, against Defendant Brian Gloe, and each of them prays for the costs they each incur in this litigation, and for such other or further relief as may be just and proper in the circumstances, including but not limited to any statutory damages available to each of them pursuant to 18 U.S.C. §1962(d).

**WILLIAM H. PICKETT, P.C.**

By:    /s/ David T. Greis       .
William H. Pickett (MO #21324)
David T. Greis (MO #23112)
600 Griffith Building
405 East Thirteenth Street
Kansas City, Missouri 64106

Telephone:  816-221-4343
Fax:  816-221-8258

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Come now Plaintiffs, by and through their counsel, and demand a jury trial on all issues in the case.

**WILLIAM H. PICKETT, P.C.**

By:    <u>/s/ David T. Greis</u>    .
          William H. Pickett (MO #21324)
          David T. Greis (MO #23112)
          600 Griffith Building
          405 East Thirteenth Street
          Kansas City, Missouri 64106

          Telephone:  816-221-4343
          Fax:  816-221-8258

          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

This First Amended Complaint is being filed as a matter of right under Rule 15(a).  No Defendant was served in state court prior to the removal.  All Defendants will therefore be served with the state court petition and the First Amended Complaint pursuant to Rule 4(d).  The removing Defendant will be served electronically through ECF.

____/s/ David T. Greis_____.
David T. Greis
